UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEJANDRO MEJIA CASIMIRO,

Petitioner,

-v.-

LaDEON FRANCIS, SECRETARY
KRISTI NOEM, and PAM BONDI,

Respondents.

26 Civ. 1556 (JGK)

**ORDER**

KATHERINE POLK FAILLA, United States District Judge:

On February 25, 2026, Petitioner, through Next Friend Hilda Mercedes Pablo Canil, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 (the "Petition"). (*Casimiro* Dkt. #1). That same day, the Court issued an Order in its capacity as Part I Judge that, among other things, directed Respondents to file a letter on or before February 27, 2026, providing various information, including whether this case is distinguishable from earlier cases decided by this Court and by the Judge assigned to this case. (*See Casimiro* Dkt. #4). The Government then filed that letter. (*See Casimiro* Dkt. #6).

The Court appreciates the Government's prompt response. The Government concedes that cases already decided by the Judge assigned to this case, including *Romero Perez* v. *Francis*, No. 25 Civ. 8112 (JGK), 2025 WL 3110459 (S.D.N.Y. Nov. 6, 2025), would control the result in this case. (*See Casimiro* Dkt. #6). In *Romero Perez*, the assigned Judge determined that 8 U.S.C. § 1226(a) was the applicable statute, not 8 U.S.C. § 1225(b)(2)(A), and granted Mr. Romero Perez a bond hearing. 2025 WL 3110459, at *2-4.

1

The Government has not, however, complied with this Court's directive to indicate whether the present case is distinguishable from cases previously decided by this Court, such as *Ortiz-Lopez* v. *Francis*, No. 25 Civ. 7985 (KPF). (*Compare Casimiro* Dkt. #4, *with Casimiro* Dkt. #6). In *Ortiz-Lopez*, this Court also decided that 8 U.S.C. § 1226(a) was the applicable statute and granted Mr. Ortiz-Lopez's petition for a writ of habeas corpus. (*See Ortiz-Lopez* Dkt. #13). As such and for the reasons set forth on the record in the October 22, 2025 conference in *Ortiz-Lopez*, Mr. Casimiro's Petition in this action is GRANTED. (*See Ortiz-Lopez* Dkt. #15).

Respondents are ORDERED to, with the help of United States Immigration and Customs Enforcement, transport Petitioner back to the Southern District of New York by **March 3, 2026**, if he is not already in the District, and immediately upon effectuating his transfer, to release Petitioner from custody. *See Lopez Benitez* v. *Francis*, 795 F. Supp. 3d 475, 499 (S.D.N.Y. 2025). Respondents may impose only the restraints on Petitioner's liberty that existed prior to his detention. Respondents are further ORDERED to certify compliance with this ORDER no later than **5:00 p.m.** on **March 6, 2026**. *See id.*; *Tuma Huamani* v. *Francis*, No. 25 Civ. 8110 (LJL), 2025 WL 3079014, at *9 (S.D.N.Y. Nov. 4, 2025).

Respondents are ENJOINED from re-detaining Petitioner without a valid exercise of discretion under 8 U.S.C. § 1226(a). Respondents are further ENJOINED, absent an additional Court Order, from denying bond to Petitioner in any subsequent proceeding on the basis that he must be detained pursuant

2

to 8 U.S.C. § 1225(b).  It is further ORDERED that if Petitioner is granted bond,

Respondents are ENJOINED from invoking the automatic stay provision at 8

C.F.R. § 1003.19(i)(2).  *See Rueda Torres* v. *Francis*, No. 25 Civ. 8408 (DEH),

2025 WL 3168759, at *6 (S.D.N.Y. Nov. 13, 2025).

      The Clerk of Court is directed to terminate all pending motions, adjourn

all remaining dates, and close this case.

      SO ORDERED.

Dated:  March 2, 2026
        New York, New York

_____
      KATHERINE POLK FAILLA
      United States District Judge

      Part I